**MEILLEUR *vs.* HIS CREDITORS.**

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The responsibility of the syndic, for debts due the insolvent, which have come into his hands, depends upon the exercise of due diligence.

Syndics are not bound *in solidum* for the acts of each other.

The syndic, when called on, is bound to show the date when moneys were received.

The estate of the insolvent is not responsible for a charge, arising from the negligence of the syndic.

The syndic has no right to interest on his debt, after funds come into his hands sufficient to discharge it.

A creditor is entitled to the amount for which he is placed on the *bilan*, unless it be shown he is placed there through error.

In this case, opposition was made to the tableau filed by the syndic of the insolvent, upon certain grounds which are stated in the opinion of the court, delivered by *Porter, J.*

This case comes before the court on an opposition made to the tableau of distribution, filed by the syndic of the insolvent.

There were two syndics originally appointed to the estate, viz. Phillips, and the appellant, Bermudez. The former, it appears from admissions of counsel in argument, left the state soon after his appointment. The latter continued to act after his departure, and it does not appear that any steps were taken to replace Phillips by the appointment of another syndic.

In the account, filed by the appellant, he states that he does not charge himself with that portion of the debts, which Phillips took into his hands for collection. And he claims credit for an obligation, which he returns, and avers he could not collect. He also debits the estate with the entire amount due to himself as creditor, together with interest; and he also charges a sum of fifty dollars, paid counsel for professional advice and assistance.

The following opposition was filed by the insolvent, and one
of the creditors.

1. The syndic does not account for the several sums of money, brought by the insolvent on his *bilan*, from several claims he had against persons indebted to him, amounting to the sum of four hundred and forty-nine dollars and six cents.

2. The syndic *is* called on *to* show on what day he received the debt of Trecini, as he owes a greater sum in interest on that debt, than the amount credited in his account.

3. Nothing is due the counsel, C. Roselius, for professional services.

4. No interest is due on the claim of the syndics.

. 5. And the principal of that claim should be reduced from seven hundred and seventy-one dollars and eighty-five cents to seven hundred and thirty-two dollars.

There is an admission on record, that since the failure, the insolvent has paid all the creditors, carried on the *bilan*, except one of them named Walton.

The court sustained this opposition, and ordered a new tableau to be filed in conformity with its decree.    The syndic appealed.

I. The first ground embraces two matters, which require a distinct consideration.    One is the responsibility of the defendant for a debt due by one Wallace to the estate, the voucher for which he, the defendant, received, and has retained in his hands; the other is, whether the appellant is bound for the obligations received by his co-syndic, and not accounted for by him.

And as to his obligation for the debt due by Wallace, it involves the question whether due diligence was used by the syndic to collect it.    We can discover no proof of that diligence on record.    The note was received in the year 1819. The debtor is not shown to be insolvent.    No legal means have been resorted to, to enforce payment.    We are of opinion, under such circumstances, the syndic is responsible for this debt.

*The responsibility of the syndic, for debts due the insolvent, which have come into his hands, depends upon the exercise of due diligence.*

It was decided in this court, in the case of *Preval* vs. *Mouton,* that syndics were not bound *in solidum* for the acts of

*Syndics are not bound in solidum for the acts of each other.*

EASTERN DIST.
*April*, 1832.

MEILLEUR
*vs.*
HIS CREDITORS.

The syndic
when called on,
is bound to show
the date when
moneys were re-
ceived.

The estate of
the insolvent is
not responsible
for a charge ari-
sing from the
negligence of the
syndic.

The syndic has
no right to inte-
rest on his debt,
after funds come
into his hands
sufficient to dis-
charge it.

A creditor is
entitled to the
amount for
which he is pla-
ced on the *bilan*,
unless it be
shown he is pla-
ced there thro'
error.

each other. The subject has been gone into, very fully, in the case just decided, of *Percy* vs. *Millaudon et als.* We think the judge below erred in making the defendant responsible for the debts, received by the co-syndic, and not accounted for by him. 11 *Martin*, 533.

II. We think the syndic, when called on, is bound to show the date at which he received the money for the estate from Trecini. The burthen of this proof is properly thrown on him, because he is more cognizant of the fact than the opposing creditor, and consequently has more within his power the means, by which that fact can be established. 1 *Starkie*, 377. *Phillips*, 150. 2 *Gallison*, 485.

III. The defendant, when called on to file an account of his administration, presented one so defective, that it was set aside by the court, and he was ordered to furnish another. The fee paid to counsel is for his services in the first account, and appears moderate ; but as this charge arises from the negligence of the defendant, in not furnishing to his advocate the proper information, we do not think the estate can be made responsible for it.

IV. The syndic credits himself with interest on his own debt for eleven years and upwards, though, during a portion of that time, he had moneys in his hands to an amount equal, if not greater, than the sum due to him. This the law does not permit him to do. If there be enough of funds to pay all the creditors, he has a right to interest from the filing of the *bilan*, for the commencement of the suit, in *concurso*, has the same effect as a judicial demand. But he has no right to interest, after funds came into his hands sufficient to pay his debt, particularly as he has not shown, as he was bound to do, that these funds were placed in bank, as by law they should have been.

V. The last objection, that the syndic's debt should be reduced from seven hundred and seventy-one dollars to seven hundred and thirty-two dollars, does not appear to us supported by any evidence on record. The syndic is placed on the *bilan*, by the insolvent, for seven hundred and sixty-two dollars. There is no proof which shows this acknowledg-

ment to be made in error; nor was any opposition made, during the previous proceedings, as to the amount due. We think the syndic should be placed on the *bilan* for the latter sum.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed: And it is further ordered, adjudged and decreed, that this case be remanded to the Parish Court, there to be proceeded in, according to law, the appellee paying the costs of this appeal.