ALEXANDER PRIEUR and others *v.* THEIR CREDITORS.

The syndic of the creditors of an insolvent is their agent, and, like other agents, is bound to show due diligence in the discharge of his mandate, and to render a full and complete account of every item of property coming into his possession, supported by the necessary vouchers, showing how such property has been disposed of. With regard to the debts due to the estate, he is bound to show what portion has been paid, what proceedings have been had to enforce payment, or what reasons existed for not enforcing it. Any creditor has a right to call for such an account, and the burden of proving its correctness will be on the syndic.

The syndic of the creditors of an insolvent will not be entitled to his commission, until it is fully proved that he has faithfully and diligently administered the estate.

A tableau of distribution, filed by the syndic of the creditors of an insolvent as a final one, having been opposed by a creditor who had been put on it as entitled to a certain sum, was homologated so far as not opposed. Afterwards, on the trial of the opposition, there was a judgment declaring the tableau a provisional one, ordering the funds to be distributed in conformity thereto, and refusing to discharge the syndic, or to allow his commission ; from which judgment both the opponent and the syndic appealed, the appeal taken by the latter being only devolutive. On a rule by the opponent on the syndic, to show cause why the amount for which he had been placed on the tableau, should not be paid to him : *Held*, that the appeal of the syndic being devolutive only, and the object of the rule being merely to enforce the judgment, the rule should have been made absolute.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

GARLAND, J. In May, 1834, Townsley, Prieur & Co., made a cession of their property, and at a meeting of their creditors, Alexander Prieur, one of the partners, was appointed syndic, and took upon himself the administration of the estate surrendered. The amount surrendered, in debts and property, was $220,865 08, and the liabilities, direct and indirect, a considerable sum more. The creditors, at their meeting, fixed the terms of sale of the property surrendered ; and their proceedings were soon after homologated. The record shows no further proceedings in the case until the 20th of December, 1838, when Joseph Lallande, as creditor on the *bilan*, called upon the syndic to file in court a statement of the funds he had collected, and of the amount he had then on hand, also a statement of his account with the Bank or Banks in which he deposited the funds, and, further, to show cause why he should not forthwith file a tableau of distribution and an account of his administration. In obedience to this order the syndic filed an account of various sums received and paid by him, amounting to

about $58,000 ; and also a tableau of distribution, of which notice was given, and the creditors called on to make opposition. Some few days after, the judge made a further order on the syndic, to file a statement of his accounts with the Bank or Banks in which he deposited his funds, to which he replied that he had no other account than he had represented in the tableau, and prayed for the homologation of the account and his discharge as syndic.

To this account and tableau Lallande made opposition, on the grounds : *First*, That as it appeared from the schedule filed in 1834, that property and assets to the amount of $220,865 08 had been surrendered, and as only $57,209 06 were accounted for, the syndic ought to be compelled to render an account of the balance, amounting to nearly $168,000.

*Second*, That as the syndic sold the real estate and property surrendered, without a special order of court, he is liable for its value, which is much more than he has accounted for, to wit, $60,000.

*Third*, That the syndic had no right to pay to David Olivier, the amount of S. Cucullu's notes for $2,212 50. He avers that those notes were held by Olivier as collateral security ; that they were never pledged to him ; and that the payment, in the manner which the syndic has made it, injures the opponent.

*Fourth*, That it appears that many persons, who are named by the opponent, were indebted to the insolvents in large sums of money, and that the account does not show, with but very small exceptions, the sums collected from them, or that any efforts have been made to recover those debts.

*Fifth*, That the syndic is not entitled to any commission, as he has not faithfully and diligently administered ; and that the whole account should be rejected as irregular, being unsupported by vouchers, and affording no information to the creditors.

It is, therefore, prayed, that the account may be rejected, and the syndic ordered to file a new one prepared in conformity with the aforesaid grounds of opposition, and supported by vouchers, and exhibiting all the transactions of the syndic, and the disposition of the assets which came into his hands ; that the syndic be made personally responsible for the value of the property which came into his hands, for the sum of $2,212 50 paid to

Olivier, and for all the assets ceded to the insolvents, and which have not been administered.

On motion of the syndic the tableau was homologated, so far as it was not opposed, on the 23d of January, 1839.

On the first ground of opposition, the parish judge was of opinion that the syndic, being the agent of the creditors, was bound to render a full and complete account of every item of property that came into his possession, showing how it had been disposed of, what it produced, and, with regard to claims against the debtors of the estate, what part of such claims have been paid, what proceedings have been commenced to enforce the payment, and what reasons exist for not enforcing the payment of others, and to satisfy the creditors in all things that due diligence and attention have been bestowed in the fulfillment of the trust. The judge says that it is to be supposed that the syndic is willing to render such an account, but that as he has not done so, it is the right of every creditor to call for it.

As to the second ground, that the syndic sold the property surrendered without an order of court, the judge states that he sees nothing illegal in it, as the creditors fixed the terms of sale at their meeting, the deliberations of which were duly homologated. This the judge considers sufficient, without a special petition and order, which would have been issued of course, after the creditors had agreed among themselves. He, therefore, thought that the syndic had incurred no liability, but that it was his duty to satisfy the creditors as to the manner in which the property had been disposed of.

In relation to the third ground of objection, the judge decided that the payment to Olivier was correct, and states that the objection was abandoned on the trial, an authentic act of pledge having been given in evidence.

As to the fourth ground, that many persons were indebted to the estate in large sums of money, and that the tableau does not show what has been recovered, or what efforts have been made to recover such debts, the judge states this to be but a specification of the first point, on which he has given an opinion.

As to the fifth ground, that the syndic is not entitled to his commission, the judge says, that as long as it is not fully proved that

the syndic has faithfully and diligently administered the insolvents' estate, he is not entitled to remuneration as a mandatary. That the commission can only be claimed when a satisfactory discharge of the duties of the trust is shown, by the production of vouchers, and the giving of all necessary information as to the situation of the estate. That as the mandate had not been fulfilled, no commissions could then be allowed.

The tableau filed was, therefore, rejected, and fifteen days allowed to file a new one, showing a full statement of the assets and claims unaccounted for, with vouchers, and other evidence explaining why the claims owing to the estate have not been collected, accompanied with the books, titles, and papers belonging to the estate, or in any way connected with the syndicship.

In obedience to this judgment, the syndic presented another tableau of distribution, accompanied by statements in writing explaining the causes why the sums had not been collected, and what efforts had been made to collect them. This tableau, the creditors were again called on to oppose, if they thought proper, and the syndic prayed for his discharge ; but the statements were only those of the syndic himself, made as a commentary on each item.

Lallande made opposition to this tableau and statements, as unsatisfactory, and not sustained by documents, vouchers, and legal evidence ; and alleged that, as the syndic had failed to use proper efforts to collect the debts surrendered by the insolvents, he had injured the creditors, and ought to be made responsible for the amount to them. The opposition, then, proceeds to name ten persons or firms who owed $12,512 05, all of which it is said was lost, except $1000, by inattention and neglect. The names of fifteen other persons or firms were stated as debtors to the insolvents, and a similar allegation of negligence and responsibility alleged as to them.

The opponent, therefore, prays for a rejection of the syndic's commission, that he be made liable for all the debts due to the estate which have not been prosecuted with proper diligence, amounting altogether to $40,000, and that a new tableau be filed distributing the sum which he may be condemned to pay with the other assets. A list of debtors, and the amount of the

sums due by each to the insolvents, was filed, amounting to $16,227 13. The second tableau was also homologated, as far as not opposed.

The parties went to trial on this opposition, and it does not appear that any evidence was introduced, except the explanations filed by the syndic, and the papers already in the suit. The judge reviews the case at great length, and passes under examination each debt due to the insolvents set forth in the opposition of Lallande. The first question between the parties, was, on whom the burden of proof lay in the controversy. The syndic contended that the opponent must show that his account was incorrect, and that his personal explanations why the debts were not collected should be held as sufficient. The judge held that the syndic was the agent of the creditors; that as such he was charged to collect the debts owing to the insolvents and ceded to the creditors; that in rendering his accounts he was bound to give all necessary explanations and reasons why the debts were not collected, and to produce all necessary documents and vouchers. That obligation, says the judge, is perhaps more imperative, when the insolvent is himself the syndic, and, in all cases, the syndic, like other agents, is to show due diligence in the discharge of his mandate, and is bound to account for the assets. The right of the creditors to call on the syndic for a full account and explanations is fully admitted, and the judge declares that the explanations given are not such as the creditors had a right to expect. He adds that, from an examination of the claims, the "non-recovery" of which is not fully explained, he is satisfied that most of them could not be recovered; and that whilst the responsibility of the syndic is admitted, if any thing has been lost by neglect or delay, a sense of equity induces him to allow the syndic an opportunity to show, by proper evidence, that he has done all in his power to collect the debts and to comply with his obligations.

The court, therefore, refused to discharge the syndic, and disallowed his commissions until he should comply with his duties; but, considering the delays which had occurred since the filing of the two tableaux, and that the creditors are entitled to dividends

and have been unable to receive them in consequence of this op-position, which does not bear upon any portion of the funds in hand, it was adjudged that the tableau filed should be considered as provisional, and the syndic be ordered to distribute the funds in his hands accordingly; and that his commissions be suspended, and remain in his hands as funds belonging to the estate, subject to the order of court.   It was further ordered, that the syndic should, within twenty days, file a final tableau of the estate, in which he should account, in a legal manner, for the twenty-one items of assets mentioned in the judgment, either by presenting the amount thereof for distribution, or showing due diligence in endeavoring to collect said claims; in default of which, it was declared that judgment should be rendered, on motion of any of the creditors, against the syndic, in his personal capacity, for the amount of such claims as were not legally accounted for.   From this judg-ment the syndic has appealed; and the opponent has appealed from both judgments.

After these appeals were taken, Lallande took a rule on the syn-dic to show cause why he should not pay him the sum of $678 79, which appears on the tableau of distribution to be due him.   This rule was dismissed by the judge, on the ground that, as both parties had appealed from the judgment rendered on the oppositions filed, the case was then beyond his jurisdiction; and from this judgment Lallande has appealed.

*L. Janin*, for the opponent.   The syndic should have been made responsible for the *value* of the real estate sold by him, it having been made without an order of court.   But should it be determined that, under the 15th sect. of the act of 1817, and the 2d sect. of that of 1826, an order of court is unnecessary, where the creditors have themselves fixed the terms of sale, it will still be necessary to show that the sale was made agreeably to the votes of the creditors, which has not been proved in this instance.   In the case of *Meilleur* v. *His Creditors*, 3 La. 532, it was decided that the syndic is personally responsible for amounts due to the insolvent, if he do not show that the debtor is insolvent, or that he has used due diligence.

*L. Peirce*, for the syndic.   The general rule is, that when a

person is required to do a certain act, the omission of which would make him guilty of a culpable neglect of duty, it ought to be presumed that he has duly performed it, unless the contrary be shown. 3 East, 192. 10 Ib.216. 1 Phil. on Ev. 157.

The negative not admitting, in its nature, of direct proof, he who denies a fact is not called upon to give that evidence, which can only be circumstantial, till some evidence has been given to prove the fact alleged. " This general rule is, however, liable to exceptions, where a man is charged with not doing an act, which, by the law he is liable to do, for the law presumes that every man does his duty to society ; and, therefore, on an information against Lord Halifax for not delivering up the Rolls of the Auditor of the Exchequer, the court required the prosecutor to prove the negative, viz., that he did not deliver them up. And in a late case, where an action was brought against the East India Company for putting on board the plaintiff's ship a cask, containing varnish of a combustible nature, without giving notice of its contents, whereby the cask took fire and destroyed the ship, this exception to the general rule was fully recognized, and the court held that it was incumbent on the plaintiff to prove that the defendants did not give due notice," &c. Peake's Evidence, 5, 6. Buller's N. P. 298. 2 Blackstone's Rep. 852. 11 Johns. 517.

A sheriff is not bound, at his peril, to prove a levy. The same rule prevails where a person, who must be presumed to have done his duty, is sued, and cannot be heard as a witness, (19 Johns. Rep. 348,) *e. g.* where the defendant pleads *plene administravit*, and the plaintiff replies that the defendant had assets, the issue lies upon the plaintiff, who must prove assets existing at the time of the writ being sued out. *Mara* v. *Quin*, 6 T. R. 10.

So, here, Lallande, the opponent alleges, that the syndic had assets, or should have had ; and the proof lies upon him. Sometimes, in suits against executors, the plaintiff goes into equity to obtain an inventory of the assets, and this evidence is used in the court of law in this manner, " that where the executor, defendant, has not distinguished the *sperate* from the *desperate* debts in the inventory, it has been held that the whole shall, *prima facie*, be taken as assets, so as to throw the *onus* of proving some of

them desperate upon the defendant. Roscoe on Evidence, p. 467, 468.

Here the syndic has shown which are desperate, therefore the *onus* is not on him, but on the plaintiff. But in a later case Lord Ellenborough required further and reasonable evidence to be given, in order to show that the debts had actually been received by the defendant. *Gibs* v. *Dyson*, 1 Starkie C. 32. 2 Starkie on Evidence, part 4, p. 555. Roscoe on Evidence, 468.

GARLAND, J. The proceedings in this case seem to have been of an unusual character. Neither party introduced any evidence, except the record of the suit and the accounts filed; each party were satisfied as to many items, and no contest arose in relation to those about which there was a difference. The question was on whom the burden of proof lay; and after the judge had de-cided that question, neither party gave any testimony, but appeal-ed from the order to file a new account.

Upon an examination of the principles settled by the Parish Judge, we are disposed to accord to them our approbation. The burden of showing diligence is, in our opinion, on the syndic; and when he files the account ordered by the judgment, and presents the evidence on which he relies to exempt himself from responsi-bility, we may judge of it, if brought before us; but the case is not now in a situation to enable us to give a final judgment. As to the delay of twenty days, given the syndic to file a final tableau, there is nothing in the record which enables us to say whether the judge properly exercised his discretion in granting the delay. In a case which embraces the settlement of old and long accounts, we can well imagine instances in which delay might be necessary, to enable a court to do justice, and where it would be proper that the judge should, *ex officio*, accord it to the parties, to obtain the necessary evidence to enable him to decide correctly. Whether this is such a case, we cannot say; and must, therefore, presume that the judge acted correctly.

As it is necessary that this cause should be further investigated in the inferior court, and as the question in relation to the sale of the property surrendered is one of importance, we think justice requires that it should be kept open, so as to permit any evidence that exists to be introduced.

As to the judgment on the rule, from which Lallande has appealed, we think the judge of the Parish Court erred. Lallande was placed on the tableau for a certain sum, and the syndic admitted thereby that so much was due. Prieur's appeal is only devolutive, and does not prevent the execution of any judgment that was rendered. The judgment considered the tableau as provisional, and so far homologated it. As the object of the rule was merely to enforce the judgment, we do not think it could be arrested by the appeal.

The judgment of the Parish Court, so far as it discharges the rule taken by Lallande on the syndic to pay over the sum of $678 79, is reversed, and the case remanded to be proceeded in according to law ; we being of opinion that the court had jurisdiction and authority to act on that part of the case.

It is further ordered, that so much of the first judgment of the Parish Court as decrees the property surrendered to have been legally sold, be, so far as the responsibility of the syndic for his proceedings is concerned, annulled and reversed, and the question opened for further investigation on a new trial. And it is further ordered, that the judgments appealed from be affirmed, so far as they homologate the respective tableaux filed ; and also in relation to the filing of the final tableau and account ; and for the purpose of receiving said tableau and account, and deciding the questions that may hereafter arise, the case is remanded to the Parish Court to be proceeded in according to law. The costs of this appeal to be paid by the syndic.