————o————

## No. 6781.

## E. W. DRIEBHOLZ v. HY. A. MENTZ.

### Syllabus.

As a rule, a seizing creditor is not entitled to interest upon his claim after the day of the adjudication of the thing seized and sold. But when by consent the adjudicatee is allowed a delay to pay the price, the creditor will recover interest up to the day of payment to the Sheriff.

An inscription in the mortgage office securing a claim enures to the benefit of the transferee, and he is not obliged to record the transfer.

Executory process cannot issue on a claim which is not authentic.

A creditor holding several claims secured by mortgage and privilege my sue on the inferior claim without forfeiting the superior one.

Appeal from the 28th Judicial District Court, Parish of Jefferson, No. 1969, Hon. John E. Fleury, Judge. Amended and Affirmed.

Caffery, Quintero & Brumby, for plaintiff and appellant.

L. H. Marrero, Jr., for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court as follows:

Plaintiff issued executory process against defendant to satisfy promissory notes secured by mortgage on certain property. After due proceedings the property was advertised for sale for cash and adjudicated to Gilbert J. Vincent on October 16th, 1915. At the time of the sale there were three mortgage creditors of the property.

The plaintiff held the first mortgage, some bank held the second, and Gilbert J. Vincent, the adjudicatee, held the third. Owing to some imperfection in the title the adjudicatee refused to accept title until it was corrected. To this all the parties consented.

The title was perfected, and the deed of sale was executed by the Sheriff, on January 23rd, 1916, when the adjudicatee paid to him the entire price of adjudication. The sheriff then paid the plaintiff the amount of his writ in capital, interest, and attorney's fees up to the day of adjudication, but refused to pay him the interest from the day of adjudication, October 16, 1915, to the date of the Sheriff's deed and payment of the price, January 23rd, 1916, and attorney's fees thereon, amounting together to $164.13. The Sheriff also refused to reimburse to plaintiff the sum of $69.35 which he had paid for taxes due by the property for the year 1914.

The Sheriff then paid the second mortgage creditor. Thereupon there remained in his hands a balance of $212.83 which Gilbert J. Vincent claims as third mortgage creditor. If plaintiff's demands are allowed they will absorb this sum; whatever is denied him, will go to Gilbert J. Vincent.

Whereupon plaintiff took a rule against the Sheriff, the second mortgage creditor, and Gilbert J. Vincent, to show

cause why he should not be paid the two above amounts of $164.13 and $69.35.

The Sheriff submitted the rule.

Gilbert J. Vincent denied that plaintiff was entitled to the interest claimed by him and asked that the Sheriff pay to him the balance in his hands.

The District Court rejected the plaintiff's claim for interest and attorney's fees, but allowed the tax.

From this judgment the plaintiff has appealed. Gilbert J. Vincent has joined in the appeal asking that the amount of taxes granted to plaintiff be also rejected.

Sales by the Sheriff are ordinarily made for cash, payable on the demand of the Sheriff, 130 La. 46. If the adjudicatee refuses to pay the price, "the Sheriff shall expose to sale anew the thing seized" without further formality. C. P. 689. "When the Sheriff has sold for ready money, he shall on simple demand pay to the judgment creditor or his attorney the sum coming to him." C. P. 704. The presumption of the law therefore is that the plaintiff collects his claim from the Sheriff at the moment of adjudication. The Sheriff's possession is his possession. Plaintiff cannot therefore have his money and at the same time charge interest upon it to the defendant. If he does not receive his money, the law will presume some fault upon his part. For this reason the creditor is not entitled to any interest upon his claim after the adjudication.

A syndic has no right to charge interest on his claim after the funds come into his hands sufficient to discharge it.— 3 *La.* 534.

A defendant is subject to no interest after the adjudication of his property. 7 *La.* 569.

But when, by operation of law, the creditor is not entitled to be paid immediately after the adjudication of the proper-

44

ty upon which he holds a mortgage, the rule as to interest is different. Thus the Code of Practice, Art. 989, provides:

> "As the creditors of estates administered by curators or testamentary executors or administrations can only obtain payment after certain delays, interest shall be allowed on their debts, if the estate be sufficient, from the death of the debtor, if they were due at that time or from the date when they became due, if it were after that event although no judicial demand may have been made."

Payment to an administrator of the proceeds of Sale of Succession property will not stop interest on a creditor's claim. 11 *La.* 412. See also 1 *H. D.* 699 *S. C.* XII(c).

> *Vo. Insolvency and 2 H. D.* 1515 *S.* 6 *Vo. Succeession* VIII-F-S. 6.

The same reasoning applies when, by consent of parties, or from no fault of the plaintiff, he does not come into immediate possession of his money. In the present case, the purchaser refused to pay the price until the expiration of a certain delay, and all parties agreed to it. The plaintiff is therefore entitled to interest up to the date on which the price was paid to the Sheriff and to attorney's fees thereon.

It is contended that plaintiff has no right to be reimbursed the tax of 1914 paid by him, for two reasons;

FIRST: That at the time of the public adjudication and at the time of passing the deed of sale by the Sheriff to G. J. Vincent there was nothing of record that showed that the taxes had been paid by any one else than the owner of the property;

SECOND: That if plaintiff had any claim for taxes paid by him, he should have urged his claim in his foreclosure proceedings, and having remained silent until after the ad-

judication of the property, he is now estopped from claiming taxes out of the purchase price.

We gather from the sheriff's deed to Vincent that the mortgage certificate which Article C. P. 78 requires the sheriff to **"read in an audible voice"** before crying the property contains the following inscription, among others: "3rd. The one in favor of the S. L. P. and S. Tax, etc., of 1914." This was a sufficient information to G. J. Vincent that the tax was due. Whether it was due to the State or to the plaintiff in rule was a matter of indifference to Vincent, inasmuch as in either case it was a claim superior to his. The privilege existed in the State and was transmitted to the plaintiff together with the benefits of the registry by the legal subrogation to him.

There is no law making it the duty of parties acquiring by subrogation or otherwise credits secured by mortgage or privilege to have that fact placed of record in the mortgage office. The inscription of the mortgage or privileges enures to the benefit of the transferee of the credit C. C. 2645 (2615)—"The sale or transfer of a credit includes everything which is an accessory to the same; as suretyship, privileges, and mortgages", also C. C. 2461 (2436) C. N. 1692.

> "Therefore the transferee of a credit secured by mortgage takes advantage of the inscription taken by the transferor, without the necessity of making a personal inscription to render the cession manifest to the eyes of third parties."
> 4th *Dalloz Codes Ann. on Art.* 1692, *S.* 3.

The plaintiff had a right to issue executory process upon his notes secured by mortgage in accordance with a notarial "act importing a confession of judgment." C. P., 732. But he had no right to proceed by that form of writ

46

on his claim for taxes because it was evidenced by a mere tax receipt and was not **"authentic."** 129 *La.,* 628; 126 *La.,* 22.

But even had plaintiff been able to proceed by executory process to enforce the payment of his claim for the tax, he would not have forfeited the claim by suing upon the notes alone without mentioning his superior claim for the tax. A creditor holding notes secured by first and second mortgage would not surely lose his first mortgage by foreclosing on the second.

**It is therefore ordered** that the judgment of the District Court be amended by ordering that the rule be made absolute commanding the sheriff to pay to the plaintiff, E. W. Dreibholz, the sum of Two Hundred and Twelve and 83/100 Dollars, and as thus amended that the judgment of the District Court be affirmed at the cost of Gilbert J. Vincent in both Courts.

Opinion and decree, November 20, 1916.

Rehearing refused, December 18, 1916.

GODCHAUX, J.: I concur in the opinion and decree, except as to the taxes, as to which I concur on the ground that since plaintiff's mortgage recites that it should cover all taxes he might pay, the amount, paid by him for taxes is secured by the mortgage to the same extent as the principal debt.