## OFFUTT, Brothers, *v.* T. H. SCRIBNER.

Where it would seem from a receipt, that the owner of a building has paid his contractor for repairs in anticipation of the time when due, the burden of proof is on him, when sued by a furnisher of materials on an attested account, to show that at the time of the service of the attested account upon him, he had not really paid in anticipation, and that he did not then owe the contractors.

APPEAL from the District Court of St. Landry.

*J. H. Lewis & Porter*, for plaintiffs. *J. E. King*, for defendant and appellant.

SPOFFORD, J. The language of the contractors' receipt which the defendant adduced in evidence, would seem to imply that the payment was made by the latter " in anticipation," and "in advance of the sum due."

If so, the case falls within the intendment of Article 2745 C. C., and the 6th Sec. of the Act of March 18th, 1844.

But, it is contended that the owner is only liable, under the statute, for the amount that would have been due to the contractors at the time of the service of the attested account, in the same manner as if no such payment had been made, and that, therefore, the burden was on the plaintiffs to prove a positive anticipation of payment, and that the amount of their claim would have been due but for the anticipated payment. The defendant concludes that the plaintiffs should be non-suited because they have failed to show the terms of the contract and how much would have been due but for the receipt.

We think, rather, that the burden in this case was upon the defendant to show that, although he appeared by the receipt to have paid in anticipation,

he did not in reality do so, or that he did not owe the contractors, then or subsequently, the amount of the plaintiffs' claim. The contract he actually made with the undertaker, was particularly within the knowledge and power of the proprietor; he should have proved its precise terms, if they would have exonerated him from the consequences of the payment apparently made in advance. But he did not attempt to show that he contracted to pay anything before the work was completed, or that he owed less than the plaintiffs' claim.

Judgment affirmed.