LABORDE, Judge.
This is an appeal from a suit filed by plaintiff lessors against defendant lessees for alleged losses of certain movable items and alleged damages to the leased premises.[1] At the close of plaintiffs’ case, the trial court, on motion of defendants, dismissed plaintiffs’ suit. For reasons other than those stated by the trial court at the close of trial, we affirm.
Plaintiff lessors, John C. Perroncel, Michael M. Sperandeo and E. J. Bolzoni, seek damages from defendant lessees, Earl L. Hebert and Charles Goodson pursuant to a lease agreement executed on July 7, 1975.[2] The lease agreement covered a building formerly operated as a restaurant-lounge as well as movable property located in the building. Attached to and made a part of the lease agreement was an inventory listing this movable property.
On July 6, 1978, defendant lessees assigned their lease for the remaining term to a new lessee. Shortly thereafter, representatives of plaintiffs, defendants and the new lessee met to aid in an orderly transition of the leased premises from defendants to the new lessee. At this time, another inventory was taken for the benefit of all parties. Plaintiffs contend that while the premises were being inspected for purposes of this new inventory, a large number of items which were listed in the original inventory were found to be damaged or missing from the leased building. This suit for damages ensued. In their petition, plaintiffs listed the following as missing items and damages to the leased premises:
“(1) Eighteen High Back Dining Chairs at $200.00 each
(2) Seventeen Table Lamps' at $25.50 each
(3) One Cocktail Roller Chair at $250.00 each
(4) One Model HC 455 Howard Sliding Glass Door Refrigerator, Stainless Steel Front
(5) One Nelson, Model 3 DF 86 Sundae Server with pump, ladle and jar kit.
(6) One Stainless Steel Bread Warmer Pan
(7) Five Dish Washer Racks at $15.00 each
(8) One Model AHCT2 Hobart Automatic Dish Washer, Serial No. *628 309036 with Model CH15, 15 kw. Lectro Speed Hot Water Booster complete with trim package
(9)One Model SD502 G.E. Disposal with accessories, 280 volt, 3 phase
(10) One Charcoal Pit Cooker
(11) One Plastic Food Bin
(12) Two Wire Stands and Buckets at $20.00 each
(13) Replace Iron Fencing in front of building
(14) Repair broken plaster, paper and repaint chipped paint on door facing on second floor
(15) Men’s Room on first floor — Replace doors on water closets, repair hole in wall and paint
(16) Repair angle iron on elevator
(17) Concrete steps to Kitchen
(18) Replace door to Garage Apartment”
At the bench trial, plaintiffs produced one witness, John C. Perroncel. The gist of Mr. Perroncel’s rather brief testimony was that he participated in the second inventory of the leased premises and personally noted the alleged shortages. At the conclusion of Mr. Perroncel’s testimony, plaintiffs rested their case. Alleging lack of proof, defendants moved to have plaintiffs’ suit dismissed. Defendants contended they fulfilled their obligation to return the leased premises and leased equipment in the same condition as when received, ordinary wear and tear excepted. It was defendants’ position that all plaintiffs proved was a discrepancy in a numerical inventory adding that no proof was advanced to show that the numerical difference was damage incurred above and beyond ordinary wear and tear.
The trial court granted defendants’ motion and dismissed plaintiffs’ suit. In so doing the court cited Louisiana Civil Code Article 2721 and Provosty v. Guss, 350 So.2d 1239 (La.App. 4th Cir. 1977) and proceeded to discuss the burden of proof the plaintiff lessor bears in such a case. The court observed that Article 2721 reads:
“The lessee is only liable for the injuries and losses sustained through his own fault.”
The court then stated that the burden this article creates is one, “which I would not hesitate to suspect would be impossible in this situation. . . . ” The court continued, citing the Provosty case, supra, and adding:
“This jurisprudence, in my opinion, places a burden upon the plaintiff to fulfill in that regard a burden of which I cannot take judicial notice, but practically speaking, I would imagine would be an impossibility, considering the nature of the business that was operated with the leased equipment. For the plaintiff to be able to prove by whose fault a chair was broken or damaged, or why a pot was missing, which we could assume may have been thrown out because it had food burned into it and could not be cleaned, or anything of that nature * * * The provision and the law demand and require the lessor to establish that fault, establish a practical impossibility in this situation.”
The general issue posed on appeal is whether the trial court erred by granting defendants’ motion and ordering plaintiffs’ suit dismissed. While we hold the trial court committed no error in dismissing plaintiffs’ suit, we do so for reasons other than those stated by the trial judge, especially with regard to his discussion of the burden of proof.
The burden of proof in a suit by a landlord against his tenant for damages to the leased premises was set forth in Ferguson v. Smill, 183 So. 600 (La.App.Orl.1938). In the Ferguson case, as in the instant case, the lease required the lessees “to return said premises ... in like good order as received by actual delivery of the keys to Lessor or Agent. The usual decay, wear and tear excepted.” (Our Emphasis) The court then explained:
“. . . Art. 2719 of the Civil Code, even had there been no written lease, would have created just this obligation, for it, in part, provides that “it shall be the duty of the lessee to deliver back everything in the same state in which it was when *629 taken possession of by him, making, however, the necessary allowance for wear and tear and for' unavoidable accidents”.
While, therefore, it is quite true that tenants are not liable except for loss resulting from their negligence, it is quite obvious that the burden of absolving themselves should be placed upon them, particularly when it is not damage by wear and tear that is complained of but the entire absence of some part of the leased premises. In other words, if a tenant seeks to avoid responsibility for the value of some missing part of the leased building, he must show that it was not his negligence that caused the loss. All a lessor need do is to show the loss and at once there is thrown on the tenant the necessity to explain.
“The burden of proof is on him who has to support his case by a fact of which he is supposed to be most cognizant, and the evidence of which is more within his power than that of his opponent. Thus; the lessee of slaves, whose lease and delivery have been proved, must explain why he cannot return them. Delery v. Mornet, 11 Mart., O.S., 4; Nicholls v. Roland, 11 Mart., O.S., 190, 194; Meilleur v. His Creditors, 3 La. 532, 534; Offutt v. Scribner, 10 La.Ann. 639; Ford v. Simmons, 13 La.Ann. 397.” 1 Hennen’s Digest, 495, VIII, No. 2.
******
“C. C., 2721 (2691): ‘The lessee is only liable for the injuries and losses sustained through his own fault.’
“The burden of proof is upon the lessee of movables to exonerate himself from liability for their damage or loss because the evidence of that fact is more within his power. 1 H.D. 495, VIII, No. 2. After he has negatived the presumption of negligence on his part, created by the damage or loss of the thing while in his possession, the burden of proof is shifted to the lessor to establish that the damage or loss was caused by the fault of the lessee. 1 H.D. 802(2) Nos. 1 to 9.”
See also Buchanan v. Daspit, 245 So.2d 506 (La.App.3rd Cir. 1971).
Thus, under Ferguson, the burden of proof is allocated in the following way: The lessor begins by showing the loss, the lessee then must absolve himself by showing that the loss did not result from his negligence especially if some part of the leased premises is missing entirely, and then the burden shifts back to the lessor to show that the damage or loss was caused by the lessee’s fault.
By announcing that when a lessor could show only that the leased items were missing but could not explain further it would thereafter be impossible for him to discharge his burden of proving that the loss or damage was a result of the lessee’s fault, the trial court confused the order of the burdens of proof.
Under the Ferguson case then, which we hold governs the instant case, all the lessor need initially show is the loss. This plaintiff lessors did by utilizing two inventories, one taken prior to the lease and the other taken subsequent to the lease. The inventories illustrated the shortages upon which plaintiffs’ claims were based.
Upon a showing of the loss, it was incumbent upon defendant lessees to show that the loss was not due to negligence on their part. Defendants fulfilled their burden through answers to interrogatories entered into evidence at the beginning of trial. In their answers defendants explained what, if anything, had happened to or had been done to the movable items plaintiffs listed as missing. The content of these explanations is such that we find defendants adequately discharged their burden of exculpating themselves by showing that the shortages and damages complained of resulted from ordinary wear and tear and did not result from their negligence as argued by plaintiffs.
The burden then shifted back to plaintiff lessors to prove that the loss or damage was caused by the fault of the defendant lessees. A review of the record convinces this court that plaintiffs failed to discharge this burden as the record is devoid of anything that shows or even suggests that the damages complained of were caused by fault of the defendant lessees.
*630 Louisiana Code of Civil Procedure Article 1810 B. provides:
“B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
Under the facts presented in the instant case, we hold that the trial court correctly granted defendants’ motion to dismiss plaintiffs’ suit.
For the above reasons, the judgment of the trial court is affirmed; costs are assessed against plaintiffs-appellants.
AFFIRMED.

. During the lease term, defendant lessees assigned their lease. By way of a third party petition, the defendant lessees added this sub-lessee as a third party defendant. As a result, additional claims were asserted between the original defendants and the third party defendants. However, due to the result reached in the lower court, the various claims were deferred for trial at a later date; leaving only the principal demand at issue on appeal.

. The lease agreement (Tr. 8-14) evidences additional parties who neither joined as plaintiffs nor were made defendants. The record reflects that defendants filed a peremptory exception of non-joinder of an indispensible party and in the alternative an exception of no right of action. After a hearing, the trial court overruled this exception which was not appealed and is now final.