W. ELLIS BOND, Judge Pro Tem.
This is an action against a tenant for damages to a rent house. The trial court rendered written reasons for judgment, reciting findings of fact and awarding judgment to plaintiffs against defendant in the sum of $2,750.00. After a hearing on a motion for new trial, the court found that amount to be excessive and reduced the award to $1,250.00. No explanation was given as to what damages the award represented. Defendant appealed and plaintiff answered the appeal seeking an increase in the award.
THE FACTS
The defendant rented a house from plaintiffs near Scott, Louisiana. It was old and drafty, with wooden floors, walls and ceilings. Cold air entered around the old wooden windows and around the window panes from which the putty had disappeared with the passage of time. The homemade window screens had apparently been constructed before Mrs. Guidry inherited the house from her father many years ago. The kitchen cabinet top was of boards without any covering material. There were outlets for gas space heaters, *1325 but no central heating system. Two electrical circuits served the entire house. There was no insulation in the walls or attic.
The parties entered into an agreement whereby considerable modernization of the house was accomplished. The landlord provided the necessary material and the tenant provided a considerable amount of labor, his only compensation being more protection for his family from the cold weather. A plywood overlay was installed on the floors and walls, and ceiling tile was installed throughout the house. A shower was installed in the bathroom and the kitchen sink was replaced. Additional electrical circuits were installed. Some kind of composition floor tile was installed throughout the house by a contractor at the landlord’s expense. Three storm doors were installed by the tenant at his own expense. The plywood wall covering was painted. The tenant constructed a portable outbuilding in the back yard at his own expense, which he later sold. It was removed from the premises by the purchaser.
The tenant was required by the landlord to vacate the premises after about five years of occupancy. It was then found that some deterioration occurred. Some ceiling tile had become loosened and had fallen in two of the bedrooms. Some floor tile had become loosened and some were broken or missing in one bedroom and the bathroom. There was some wall discoloration in two bedrooms. Electrical receptacles had not been installed in two cut-outs in the walls. There were two or three broken windowpanes in the bedrooms. The hot water heater was leaking in the bathroom. No Formica had been installed on the kitchen counter top although the landlord claimed to have provided it to the tenant. The landlord claims that replacement of five entire windows was necessary because they were rotten. He also claims the window screens had rotted because they had been stored under the house. It was claimed to have been necessary to purchase a load of soil to fill ruts left in the yard by a tractor used by the buyer of the portable building in effecting its removal from the premises.
The trial court rendered written reasons for judgment, stating:
“The testimony of the witnesses is naturally contradictory. However, from the testimony, and from the pictures introduced into evidence, this Court concludes that, more probably than not some damages were sustained which exceeded normal wear and tear. The plaintiffs introduced into evidence an estimate of the expense of making repairs. The court does not doubt that this is an accurate estimate of the cost of the work that will be done. However, this court feels that some costs reflected in the estimate exceed those damages which can be attributed to the defendant. For instance, while the defendant may be responsible for the loss of certain floor tiles, or for certain holes in the wall, he certainly is not responsible for the costs of replacing the entire floor, or for redoing the entire wall.”
“The plaintiffs are also asking for an amount which they spent to repair some damages to the yard. The evidence indicates to this Court however, that those damages were neither caused by the defendant, nor were they incurred with the permission of the defendant. Consequently, the defendant is not responsible for these damages.”
“Therefore, considering all the evidence presented, this Court believes that an award of TWO THOUSAND, SEVEN HUNDRED FIFTY AND NO/lOO ($2,750.00) DOLLARS will fairly compensate the plaintiffs for those damages caused by the defendant.”
After hearing a motion for a new trial, the court made a minute entry, stating:
“This is a motion for new trial made by the defendant. The Court has reviewed the record and the evidence submitted at trial, and finds that the holding rendered therein, i.e. that the defendant is liable to the plaintiff for some damages, is correct and in accordance with the evidence presented. However, further review of *1326 that evidence indicates to this court that the award made originally ($2,750.00) is some what excessive to compensate for those damages attributable to the defendant, based upon what was proven at trial. The estimate for costs of repairs submitted by the plaintiff is not proof that the defendant was responsible for those damages. In fact the witness submitting this estimate could not say whether the damages necessitating the repairs exceeding ‘normal wear and tear.’ Considering the foregoing, the Court amends the original judgment which awarded the plaintiff $2,750.00, and grants an award to the plaintiff of ONE THOUSAND, TWO HUNDRED, FIFTY AND NO/100 ($1,250.00) DOLLARS plus court costs, believing this amount will fairly compensate the plaintiff for those damages which were proven to be attributable to the defendant.”
The trial court had an opportunity to hear the testimony of the witnesses and judge their credibility, and its findings should not be disturbed upon appeal unless manifestly erroneous. We agree with that court’s determination that defendant was not responsible for whatever damage was caused to the yard by the purchasers of the outbuilding. Particularly since defendant had denied them permission to remove it through the yard and plaintiff had denied permission for them to remove it across his adjacent unimproved property.
The trial court’s discussion of the estimate for repair obviously refers to the written estimate for repairs submitted by the witness, Brown, on behalf of his employer, Doug Ashy, Remodeling and Floor Covering Department. The bid was to: furnish and install cove molding in the living room and kitchen, put Formica on the kitchen cabinets, replace missing ceiling tile in two bedrooms, replace the floor in one bedroom and the bathroom and to paint two bedrooms, all for the price of $2,575.00.
The record contains no evidence or testimony indicating there had ever been any cove molding in the living room and kitchen. Mr. Brown testified that the estimate covered those items requested by Mr. Gui-dry.
The estimate includes furnishing and installing Formica on the kitchen cabinets which have never had any covering except a piece of Masonite that was installed when Midgett replaced the kitchen sink. Guidry failed to prove he ever supplied any Formica for that purpose and Midgett is not liable for the installation cost in any event.
Defendant and one of his daughters testified that the bedrooms “sweated” because there was no insulation in the walls or attic and from the use of gas space heaters. This collection of humidity caused the ceiling tile and the floor tile to separate from the glue with which they were installed. It also caused mildew to form on the walls in the bedrooms, causing the discoloration complained of by plaintiffs. Mr. Mid-gett also testified that the hot water heater, located in the bathroom, had been leaking at least two years; that he had requested plaintiffs to replace it several times but nothing was done and the leak caused the floor tiles in the bathroom to separate from the floor overlay.
SPECIFICATION OF ERRORS
Appellant urges that the court erred as a matter of fact and law, in holding that the plaintiff lessor suffered any damages and in finding that defendant was liable for any damages.
No inventory was made of the condition of the property at the time of the verbal lease, consequently, the provisions of La.C.C. arts. 2719 and 2720 do not apply to this situation. The parties had no agreement at the inception of the lease as to what repairs the lessee would be bound to make. They simply reached agreement from time to time as to what improvements lessee would undertake, mostly at the expense of the lessor. The provisions of La. C.C. art. 2715 do not apply. Under these circumstances the responsibility of the lessee is that imposed upon lessees under the *1327 provision of La.C.C. arts. 2721 and 2722. They provide:
“Art. 2721. The lessee is only liable for the injuries and losses sustained through his own fault.”
“Art. 2722. He is, however, liable for the waste committed by the persons of his family (household), or by those to whom he may have made a sublease.”
In the case of Perroncel v. Judge Roy Bean’s Saloon, Inc., 405 So.2d 626 (La. App. 3rd Cir.1981), reversed on other grounds 410 So.2d 745 (La.1982), it was stated as follows:
“. the burden of proof is upon the lessor to prove the loss, the lessee must then absolve himself by showing that the loss did not result from his negligence and then the burden shifts back to the lessor to show that the loss was caused by the lessee’s fault.”
A detailed examination of the trial transcript convinces us that defendant has borne his burden of proving that the damages complained of by plaintiffs were not caused by the negligence of defendant or members of his family, with two minor exceptions. Mr. Midgett left two wall cutouts for the installation of electrical receptacles but didn’t get around to installing them. This is a minor job with small expenses involved. Also, there was testimony that Midgett’s children did break two or three windowpanes in the bedrooms. There is no evidence of record of the cost of replacing them. Plaintiffs failed to prove by a reasonable preponderance of the evidence that any other damage to the windows and window screens was the result of fault by defendant or was other than normal deterioration from the passage of time.
Special damages must be proved to a reasonable certainty. We hold that the trial court committed manifest error in making a general award under the circumstances here presented. We find this to be a case properly to be concluded under the principle of de minimis non curat lex; the law is not concerned with trifles.
The judgment of the trial court assessing damages against defendant is reversed. The demand by plaintiffs for an increase in the amount of the judgment is denied. Costs in this and the trial court are assessed against plaintiffs-appellees.
REVERSED AND RENDERED.