589 So.2d 9 (1991)
LIVINGSTON PARISH POLICE JURY
v.
Lucius PATTERSON, Livingston Parish Clerk of Court.
No. CA 90 0728.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
G. Allen Walsh, Baton Rouge, for plaintiff-appellant.
Ron Macaluso, Hammond, Hobart Pardue, Richard Holley, Springfield, for defendant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This appeal is from a default judgment rendered on a reconventional demand.

PROCEEDINGS IN THE TRIAL COURT
On March 16, 1989, the Livingston Parish Police Jury (Police Jury) sued the Livingston Parish Clerk of Court, Lucius Patterson (Clerk) to require the Clerk to turn over to the parish treasury the sum of $339,712.00 claimed to be due pursuant to La.R.S. 13:785. That statute requires the clerk, "at the expiration of his term of office," to pay into the parish treasury the balance in the clerk's salary fund which exceeds by one-half the revenues of the last year of the term. On March 30, 1989, the clerk answered and filed a reconventional demand claiming $772,698.92 from the police jury for sums expended by the clerk claimed to be the responsibility of the police jury.
On April 4, 1989, the police jury filed an exception of improper service of the reconventional demand. The exception claims service by a process server pursuant to La.C.C.P. art. 1293. That article permits service by a private person only after the sheriff has not made service within 5 days, or there is a showing that the sheriff is unable to make service. It is claimed service of the reconventional demand was made the day after the demand was filed without complying with La.C.C.P. art. *10 1293.[1] The record does not reflect that there has ever been a disposition of this exception.
On April 20, 1989, the police jury filed motions for a summary judgment in their favor on the main demand, and also on the reconventional demand of the clerk. The record does not reflect that there has ever been any disposition of the motion for summary judgment.
On May 22, 1989, the clerk entered a preliminary default on the reconventional demand.
On June 6, 1989, an order was signed by the trial judge striking the preliminary default from the record based on a motion which pointed out that the motions for summary judgment were still pending.
On December 7, 1989, a judgment was rendered confirming the preliminary default entered on May 22, 1989. The judgment awarded the clerk $772,698.92 from the police jury. A motion and order to vacate the judgment went unsigned. Writs were taken to this court which were denied based upon there being an existing final default judgment which was appealable. This suspensive appeal followed.
We reverse the final default judgment.

INVALIDITY OF THE FINAL DEFAULT JUDGMENT
Under La.C.C.P. art. 1701(A) a judgment of default or preliminary default may be entered if the defendant in the principal or incidental demand fails to answer within the time prescribed by law. This judgment of default may be confirmed two days exclusive of holidays after entering of the judgment of default, by proof which establishes a prima facie case, if no answer is filed. La.C.C.P. art. 1702(A). A final default judgment obtained without a valid preliminary default is an absolute nullity. Glessner v. Hyatt, 380 So.2d 222 (La.App. 3rd Cir.1980). Here there was no valid preliminary default. The preliminary default had been ordered stricken from the record because of pending motions for summary judgment.
The order striking the preliminary default was correct. A party who requests an interlocutory judgment or order which is taken under advisement has ten days from notice of the resolution of the order or judgment to file appropriate pleadings. La.C.C.P. art. 1914. Rulings have never been made on either the exception of improper service or the motion for summary judgment. Consequently, a preliminary default was inappropriate and remains so until disposition of the pending exception and motions, and the lapse of time provided for by La.C.C.P. art. 1914.[2]
The final default judgment rendered herein is reversed for the reasons set forth, and the matter is remanded for further proceedings in accordance with law. Costs of this appeal in the amount of $453.40 are to be paid by appellee, plaintiff in reconvention.
REVERSED AND REMANDED.
SHORTESS, J., concurs in result only.
NOTES
[1] The objection is termed by the police jury an "exception of improper service". It is actually a declinatory exception raising the objection of insufficient service to process. La.C.C.P. art. 925(2).
[2] Additionally, the record does not reflect that plaintiff complied with La.C.C.P. art. 1704(C) and (D) in attempting to confirm that default.