hYELVERTON, Judge.
Linda Griffith appeals a judgment from the Alexandria City Court. We vacate the judgment and set it aside.
FACTS
On January 9, 1996, Judia Moreau filed suit against Griffith for past due rent and damages and recognition of her lessor’s lien. Moreau claimed that she rented some property to Griffith on a month-to-month basis for '$275 a month. 12Moreau alleged that Griffith failed to pay the rent for the month of December 1995 and abandoned the property before the end of the month. Moreau further alleged that Griffith caused extensive damage to the property and itemized the damages totaling $1,271.13. Moreau also pointed out that Griffith had left some furniture behind, and she sought to exercise her lessor’s privilege on the furniture.
Griffith was personally served. No answer was ever filed. A judgment was signed on March 5, 1996. This judgment found in favor of Moreau for $1,446.13 and ordered a provisional seizure of the items left on the property.
Griffith then filed a motion for new trial or in the alternative a motion to set aside the judgment on the grounds of fraud or ill practices. A copy of an answer and reconven-tional demand was also filed at the same time. Although not reflected in the record, the petition for appeal states that a hearing was held on April 2, 1996, and the trial court denied the motion for new trial. The trial court then rendered judgment dismissing the answer and reconventional demand on April 4,1996, since those pleadings were filed after the March 5,1996 judgment.
Griffith appeals the March 5, 1996 judgment. Griffith claims that the trial court erred in determining that Moreau established a prima facie case. She also claims that the trial court erred in granting judgment against her in chambers without a healing.
JUDGMENT BY DEFAULT IN CITY COURT
This case was filed in Alexandria city court. La.Code Civ.P. art. 4904 provides for a judgment of default in city court as follows:
A. In suits in a parish court or a city court, if the defendant fails to answer timely, or if he fails to appear atjgthe trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
B. The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a pnma facie case. When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. When the sum due is on an open account, promissory note, negotiable instrument, or other conventional obligation, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held. The plaintiff shall submit to the couH the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of com’t, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
*565 (Emphasis supplied).
Article 4904 requires that the plaintiff produce relevant and competent evidence which establishes a prima facie case. The Louisiana Supreme Court has stated that in order to establish a prima facie case to obtain a default judgment, a plaintiff must establish his case with competent evidence as fully as though each of the allegations in the petition were denied by the defendant. Sessions & Fishman, v. Liquid Air Corp., 616 So.2d 1254 (La.1993). The competent evidence presented must convince the court that it is probable he would prevail on a trial on the merits. Id. A plaintiff seeking to confirm a default judgment must prove both the existence [4and validity of his claim. Id. Although there is a presumption that a default judgment is supported by sufficient evidence, the presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Id.
The only evidence presented by Moreau to support her claim for past due rent, damages, and recognition of her lessor’s lien was her original petition and a supporting affidavit. The affidavit stated that all allegations of fact in the petition were true. It also listed the property left behind by Griffith. There is no testimony regarding the facts set forth in the petition. There is also no documentary evidence to support the amount of damages which Moreau claims her property suffered due to Griffith’s fault. In the ease of a lessor claiming that the lessee is liable for damages due to her fault, the burden of proof is upon the lessor to prove the loss, and special damages must be proved to a reasonable certainty. La.Civ.Code art. 2721; Guidry v. Midgett, 488 So.2d 1323 (La.App. 3 Cir.1986). In short, the largest part of this judgment was for damages, and there was no evidence, much less prima facie proof of damages. We find that the evidence presented by Moreau was not sufficient to obtain a default judgment.
We need not address the remaining issues. We vacate the judgment of the trial court and remand the case for further proceedings consistent with this opinion. Costs of this appeal are assessed to Judia Moreau.
JUDGMENT VACATED; CASE REMANDED.