# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0353


**DANIELLE CLARK**

**VERSUS**

**JOSEPH MYER CLARK**


********** 

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 64202-A
HONORABLE ALLEN BRUCE ROZAS, DISTRICT JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**JUDGMENT VACATED AND REMANDED.**


Kathy F. Meyers
Attorney at Law
P. O. Drawer 450
Ville Platte, LA 70586
(337) 363-5596
Counsel for Plaintiff/Appellee:
    Danielle Clark

Joseph Myer Clark, III
In Proper Person
1569 Fusilier Road
Mamou, LA 70554

**DECUIR, Judge.**

Joseph Clark, III, who is not a lawyer, represents himself in this case. He appeals from a default judgment granting his wife a divorce and custody of the minor children. For the reasons that follow, the judgment of the trial court is vacated, and the case remanded to the trial court.

### FACTS

On August 1, 2002, Danielle Clark filed a petition for divorce and sole custody of the minor children. On August 26, 2002, personal service was made upon Joseph at the David Wade Correctional Facility in Homer, Louisiana. By virtue of his incarceration, Joseph was unable to attend the August 27, 2002, rule to show cause why custody should not be granted to Danielle. However, on September 3, 2002, Joseph filed an answer to Danielle's petition for divorce. This is evidenced by the answer in the record and a letter from the clerk of court notifying Joseph that the answer had been filed and that additional fees would be necessary to have it served.

On September 24, 2002, Danielle filed a motion for preliminary default alleging that Joseph had been served and failed to appear or file pleadings. The motion was granted by the trial court. On October 29, 2002, the trial court entered a judgment confirming the default and granting Danielle a divorce.

Joseph filed supervisory writs to this court which were denied because of the existence of an appealable judgment. Subsequently, Joseph lodged this appeal seeking reversal of the trial court's judgment, alleging that the trial court erred in granting a divorce in favor of Danielle without allowing him to be heard.

### DISCUSSION

Louisiana Code of Civil Procedure Article 5051 requires that the articles of the Code be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. Likewise, the Code

provides that the appellate court is to render any judgment which is just, legal, and proper upon the record on appeal. La.Code Civ.P. art. 2164. Accordingly, we construe Joseph's appeal as a request to have the judgment declared an absolute nullity.

The basis for finding a judgment absolutely null is found in La.Code Civ.P. art. 2002, which reads:

A. A final judgment shall be annulled if it is rendered:

(1) Against an incompetent person not represented as required by law.

(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, *or against whom a valid judgment by default has not been taken.*

(3) By a court which does not have jurisdiction over the subject matter of the suit.

B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

(Emphasis added)

This court in *American Bank & Trust Co. v. Marbane Invs., Inc.*, 337 So.2d 1209 (La.App. 3 Cir.1976), stated that if the nullity of a judgment is patent on the face of the record, a party attacking the judgment is not required to bring a direct action to obtain the declaration of nullity.

In the present case, Joseph filed an answer to Danielle's petition. Joseph's appellate brief asserts that his answer had been filed and the record contains the answer and the date of its filing. Louisiana Code of Civil Procedure Article 1701 allows entry of a judgment by default only against a defendant who has failed to answer. Joseph filed his answer on September 3, 2002. The confirmation of default was taken on October 29, 2002. Article 2002(A)(2) states that a final judgment may

2

be annulled if it is taken against a defendant against whom a valid judgment by default has not been taken. The judgment by default that Article 2002(A)(2) refers to is the Article 1701 judgment by default, not the Article 1702 confirmation of default. A final default judgment obtained without a valid preliminary default is an absolute nullity. *Livingston Parish Police Jury v. Patterson*, 589 So.2d 9 (La.App. 1 Cir. 1991).

When Danielle confirmed the default on October 29, 2002, a valid judgment by default had not been taken against Joseph; therefore, the confirmation of default judgment was absolutely null under Article 2002(A)(2). The invalidity is patent on the face of the record.

For the above reasons, we vacate the judgment of the trial court. The case is remanded to the trial court for further proceedings. All costs of these proceedings are taxed to appellee, Danielle Clark.

**JUDGMENT VACATED AND REMANDED.**