# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0947

**LOUISIANA FARM BUREAU MUTUAL
INSURANCE COMPANY, ET AL.**

**VERSUS**

**GROUNDLINK, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NATCHITOCHES CITY COURT
DOCKET NO. 21,259
HONORABLE FRED S. GAHAGAN, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

**JUDGMENT VACATED AND REMANDED.**


Joe Payne Williams
Williams Family Law Firm, L.L.C.
Post Office Box 15
Natchitoches, LA 71458-0015
(318) 352-6695
Counsel for Plaintiffs/Appellees:
      Louisiana Farm Bureau Mutual Insurance Company
      John R. Evans
      Kristen Evans

Boyd A. Bryan
Perret Doise
P. O. Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000
Counsel for Defendant/Appellant:
      Kelly Dortlon

**Robert Kennedy  Jr.**
**Cook, Yancey, King & Galloway**
**P.O. Box 22260**
**Shreveport, LA 71120-2260**
**(318) 221-6277**
**Counsel for Defendant:**
      **Groundlink, Inc.**

**DECUIR, Judge.**

John and Kristen Evans and their homeowner's insurer, Louisiana Farm Bureau Mutual Insurance Company, filed suit against Groundlink, Inc. and Kelly Dortlon d/b/a System Services to recover damages resulting from the backup of sewerage into the Evans' home. The trial court granted a default judgment against Dortlon, and he appealed. Finding the judgment rendered below to be an absolute nullity, we vacate and remand for further proceedings.

The record reveals that on October 17, 2001, John and Kristen Evans discovered raw sewerage in several rooms of their home. A plumber was contacted, and the next day he determined that a cable line had been installed directly through a sewer pipe running from the Evans' house. The evidence in the record shows that John Evans contacted the cable company, Cox Communications, and was referred to System Services and Groundlink. Subsequent to the completion of the repairs, Evans requested from Kelly Dortlon, who represented himself as being with System Services, that his bills be paid. Evans received a letter from Dortlon discussing the locating and marking of utility lines when underground work is performed and essentially denying responsibility for the damaged pipe; however, Dortlon offered to "work this matter out" and suggested that Evans forward copies of his cleaning bills and carpet estimate to him.

Following receipt of this correspondence, Evans sent copies of the bills he had received to Dortlon, but Dortlon did not respond. Evans testified that he and his wife incurred damages including the cost of clean up, plumbing repair, new carpet, three days of lost wages, inconvenience, and embarrassment. They filed a claim with their insurer, which paid $4,886.40. Their policy had a $1,000.00 deductible and did not cover the cost of the plumbing repair, general damages, and lost wages. The insurer and Evans then filed suit against Dortlon on October 11, 2002. When he failed to

answer, the plaintiffs sought a default judgment which was rendered on May 30, 2003, awarding $4,886.40 to Farm Bureau and $7,183.40 to John and Kristen Evans.

A default judgment is obtained pursuant to the provisions of La.Code Civ.P. art. 1701, which provides in pertinent part:

> A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.

Article 1702 requires that a default judgment be confirmed "by proof of the demand sufficient to establish a prima facie case." Because these provisions are mandatory, a default judgment requires two steps in order to be valid and enforceable: a preliminary default entered in the minutes and confirmation by prima facie proof.

In the record before us, there is no written motion for a preliminary default, no evidence of an oral motion for default, and there is no minute entry showing that a default has been entered. Rather, there is only the transcript of a confirmation hearing, and a judgment rendered subsequent to that hearing.

In *Clark v. Clark,* 03-353 (La.App. 3 Cir. 10/1/03), 856 So.2d 206, we held that a final default judgment obtained without a valid preliminary default is an absolute nullity. In that case, a default judgment was confirmed against a defendant who had answered the petition. In *Glessner v. Hyatt,* 380 So.2d 222 (La.App. 3 Cir. 1980), a preliminary default was entered prematurely, rendering the final judgment of default a nullity. Conversely, in *Clark v. Neel,* 583 So.2d 90 (La.App. 3 Cir. 1991), this court affirmed a final judgment of default rendered after the trial court independently verified that a preliminary default had been properly entered and ordered a correction of the minutes to reflect same. In this case, there was no default judgment entered

2

prior to the confirmation hearing. Accordingly, we find the judgment of default rendered herein to be an absolute nullity.

For the foregoing reasons, the judgment of the trial court is vacated and set aside. This matter is remanded for further proceedings. Costs are assessed to Louisiana Farm Bureau and John and Kristen Evans.

**JUDGMENT VACATED AND REMANDED.**