STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-0947

LOUISIANA FARM BUREAU MUTUAL
INSURANCE COMPANY, ET AL.

VERSUS

GROUNDLINK, INC., ET AL.

**********
APPEAL FROM THE
NATCHITOCHES CITY COURT
DOCKET NO. 21,259
HONORABLE FRED S. GAHAGAN, CITY COURT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

ON REHEARING

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

REHEARING GRANTED; REVERSED
AND REMANDED.

Joe Payne Williams
Williams Family Law Firm, L.L.C.
P. O. Box 15
Natchitoches, LA 71458-0015
(318) 352-6695
Counsel for Plaintiffs/Appellees
     Louisiana Farm Bureau Mutual Insurance Company
     John R. Evans
     Kristen Evans

**Boyd A. Bryan**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Defendant/Appellant**
**Kelly Dortlon**

**Robert Kennedy, Jr.**
**Cook, Yancey, King & Galloway**
**P. O. Box 22260**
**Shreveport, LA 71120-2260**
**(318) 221-6277**
**Counsel for Defendant/Appellee**
**Groundlink, Inc.**

GREMILLION, Judge.

The plaintiffs/appellees, Louisiana Farm Bureau Mutual Insurance Company and John and Kristen Evans, have applied for rehearing to address our application of La.Code Civ.P. art. 1701 to this matter. We grant rehearing to address this issue. After review, we reverse our prior opinion, reverse the judgment of the city court, and remand for further proceedings.

In our prior opinion, *Louisiana Farm Bureau Mutual Insurance Co. v. Groundlink, Inc.*, 03-947 (La.App. 3 Cir. 2/4/04), _ So.2d _, we vacated the judgment of the city court granting a default judgment in favor of Farm Bureau and the Evans against Kelly Dortlon d/b/a System Services, as a result of the backup of sewage into the Evans' home. The judgment awarded damages of $4,886.40 to Farm Bureau and $7,183.40 to the Evans. Dortlon appealed and we vacated the judgment because Farm Bureau and the Evans failed to obtain a preliminary default prior to confirming their default judgment, as required by Article 1701.[1]

On rehearing, Farm Bureau and the Evans argue that we erred in applying Article 1701 since this case was filed in the Natchitoches City Court, rather than in district court. Louisiana Code Civil Procedure Article 4904 provides:

> A. In suits in a parish court or a city court, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. *No prior default is necessary.*

---

[1] Article 1701(A) provides in pertinent part:

If a defendant in the principal demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.

1

B.  The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a prima facie case. When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit.  When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.

C.  When the sum due is on an open account, promissory note, negotiable instrument, or other conventional obligation, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held.  The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment.  The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held.  The clerk of court shall certify that no answer or other pleading has been filed by the defendant.  The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment.  A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.

(Emphasis added).

After reviewing Article 4904, we find that we erred in applying Article 1701 to this matter.  Thus, we vacate our prior opinion and will now review this matter pursuant to Article 4904.

**DEFAULT JUDGMENT**

In his first assignment of error, Dortlon argues that the city court erred in finding that Farm Bureau and the Evans established a prima facie case of liability on his part.

In reviewing default judgments, appellate courts are restricted to determining the sufficiency of the evidence offered in support of judgment. *Washington v. Grand Casinos of LA., Inc.-Coushatta*, 97-1297 (La.App. 3 Cir. 6/3/98); 715 So.2d 515.  Although there is a presumption that the evidence presented supports a default judgment, this presumption does not attach when the record of the confirmation hearing is before the appellate court.  *Id*.  In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent. *Travis v. Commercial*

2

*Union Ins.*, 569 So.2d 115 (La.App. 1 Cir.1990). Thus, because we have the record of the hearing to confirm the default, the presumption does not attach. However, the trial court's conclusion concerning the evidence's sufficiency presents a factual issue which the manifest error rule governs. The manifest error standard of review obligates appellate courts to give great deference to the trial court's findings of fact. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). We will not reverse factual determinations, absent a finding of manifest error. *Id*.

*Bordelon v. Sayer*, 01-0717, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340. "[I]n order to establish a prima facie case to obtain a default judgment, a plaintiff must establish his case with competent evidence as fully as though each of the allegations in the petition were denied by the defendant." *Moreau v. Griffith*, 96-683, p. 3 (La.App. 3 Cir. 12/11/96), 685 So.2d 563, 565 ( citing *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La.1993)). Prima facie evidence is that evidence which convinces the trial court that it is more probable than not that the plaintiff will prevail on a trial of the merits. *Id.*

After reviewing the record, we find that Farm Bureau and the Evans have failed to establish a prima facie case that Dortlon was liable for the backup of sewage into their home. At the hearing on the default judgment, they presented testimony from John in support of their claim of liability. His testimony fails to establish more probably than not that Dortlon was negligent in boring through their sewer line. Part of his testimony follows:

> Q      So eventually you filed a claim with your homeowner's insurance; is that correct?
>
> A      After I had contacted System Services and they referred me to Goundlink, Inc. which was also they said they were doing the boring for System Services/Cox whoever they represent, because I originally called Cox, and they sent me to System Services, and I got the run around but yeah, eventually I, after no response from them, I went ahead and contacted my agent and said What do I need to do here, they are not

3

paying me, and he said Well, let's file a claim on it and see. Of course, it raises my insurance rates if you file a claim, so I was trying not to do that, but he eventually said let's just filed a claim and then see if they ever pay us.

. . . .

THE COURT: Let me ask you another question, you said something about Mr. Dortlon coming out there. Were you there when he came?

MR. EVANS: Yes, I was. I did talk to him on the phone as well. I had called Cox and they had given me a contact number for him.

THE COURT: Is his business the one that actually was there and doing the boring to install this line?

MR. EVANS: According to what I was told, System Services was a representative for Cox Cable which was installing the lines and they told me that System Services had Groundlink, Inc. was supposedly doing their boring was another company under them that was doing the boring, and they was saying that after having contacted him he had given me another contact name for this Goundlink, Inc., and I had contacted him, and he had told me. . . .

THE COURT: Mr. Dortlon acknowledged to you that he and his business which is basically him, I guess, is the one that actually did the work that created this?

MR. EVANS: Yes, sir.

Farm Bureau and the Evans also introduced into evidence a November 8, 2001 letter from Dortlon, project manager for System Services, to John. In the letter, Dortlon denies liability for this incident, but indicates an interest in working this matter out.

Based on this evidence, we find that the city court erred in finding that Farm Bureau and the Evans established a prima facie case that Dortlon d/b/a System Services was negligent in damaging their sewage line. John's testimony is very vague; however, he twice testified that the boring on this job was performed by Groundlink.

4

It is also unclear whether the communication lines belonged to System Services or Cox Cable. Accordingly, the judgment of the city court finding Dortlon liable is reversed and the matter is remanded for further proceedings. Based on this finding, Dortlon's second assignment of error is rendered moot.

## CONCLUSION

For the foregoing reasons, the judgment of the city court is reversed and this matter is remanded for further proceedings. The costs of this appeal are assessed against the plaintiffs-appellees, Louisiana Farm Bureau Mutual Insurance Company and John and Kristen Evans.

**REHEARING GRANTED; REVERSED AND REMANDED.**