11 WOOD ARP, Judge.
Defendant employer appeals default judgment in retaliatory discharge action brought by plaintiff, claiming trial court improperly confirmed preliminary default. We reverse.
FACTS
Plaintiff Michael J. Thibodeaux (Thibo-deaux) injured his finger on May 19, 1994 while working for defendant, C.W. & W. Contractors (C.W. & W.). Thibodeaux filed a claim for workers’ compensation and was examined by a doctor. His next two visits were postponed by C.W. <& W., however, so that Thibodeaux could work. When Thibo-deaux arrived at his doctor’s office for his scheduled appointment, the doctor refused to see Thibodeaux, stating that he required cash payment before the examination and had so informed C.W. & W. Thibodeaux asserts that he was not informed of this requirement prior to hearing it from the doctor. The appointment was rescheduled for the following Friday, at which time Thi-bodeaux was referred to an orthopedic surgeon. When Thibodeaux returned to the bC.W. & W. office the same day with his paperwork, they informed him that they would get in touch with him the following Monday. On Monday morning, C.W. & W. telephoned Thibodeaux, requesting that he go in to work that afternoon. Thibodeaux agreed to do so. Ten minutes later, C.W. & W. again called Thibodeaux and requested that he appear for work immediately. Thibo-deaux stated that he was unable to appear as requested because he had no transportation.
Thibodeaux was fired on August 8, 1994, for “insubordination.” Subsequently, he brought suit against C.W. & W. for retaliatory discharge, alleging that his termination was motivated by his filing of a workers’ *463 compensation claim. A preliminary default was entered on behalf of Thibodeaux on January 2, 1996 and was confirmed on February 26, 1996. From this judgment, C.W. & W. appeals.
ASSIGNMENTS OF ERROR
C.W. & W. claims that the trial court erred in:
(1) Determining that Thibodeaux put on sufficient evidence to establish a prima facie case of wrongful discharge pursuant to Louisiana Code of Civil Procedure Article 1702(B)(2).
(2) Awarding attorney fees as the plaintiff failed to put on any evidence as to the amount of time and labor required, local customary fees for similar legal services, and experience of the attorney performing the services in this case.
LAW
La.Code Civ.P. art. 1701(A) provides that “[i]f a defendant in the principle or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him.” La.Code Civ.P. art. 1702 provides in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
[[Image here]]
B. (2) When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient toRestablish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, ..require additional evidence in the'fopm of oral testimony before entering judgment.
(Emphasis added.) The supreme court, in the oft cited case of Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993), interpreted these articles, holding that:
In order for a plaintiff to obtain a default judgment, “he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.” Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162, 166 (1962). “In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.” Thibodeatix, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972); see also Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789, 790 (1953).
(Emphasis added.) Because we have the record of the hearing to confirm the default before us, the presumption that the judgment is supported by sufficient evidence does not attach. However, the trial court’s conclusion as to whether a discharge is retaliatory, in violation of La.R.S. 23:1361, presents a factual issue. Fontenot v. Flaire, Inc., 26,-055 (La.App. 2 Cir. 8/17/94); 641 So.2d 1062. Factual determinations of the trial court will not be overturned on appeal unless they are manifestly erroneous or clearly wrong. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993).
Sufficiency of the Evidence to SuppoRT a Confirmation of Default
La.R.S. 23:1361(B) provides in pertinent part:
No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from |4discharging an *464 employee who because of injury can no longer perform the duties of his employment.
Under the statute, an employer is not precluded, from discharging an employee who has asserted a claim for workers’ compensation benefits. An employer is, however, precluded from discharging an employee because he asserted a.claim for workers’ compensation. Thus, in order to confirm the preliminary default, Thibodeaux must make a prima facie showing that he was discharged because he asserted a claim fox-workers’ compensation. We find that Thibo-deaux has not met this burden.
Initially, it must be noted that evidence presented to this coui’t that is not contained in the record cannot properly be considered on appeal. Norton v. Thorne, 446 So.2d 972 (La.App. 3 Cir.1984). While Thibodeaux’s appellate brief on this matter provides this court with some additional information regarding facts and dates, that information was not introduced at the confirmation healing, and, thus, is not properly before this court. The only evidence introduced at the confirmation healing was the testimony of Thibodeaux himself. Thibo-deaux testified that C.W. & W. had postponed a number of his medical appointments because he had to work. He further testified that the Fxiday before he was discharged, he had submitted paperwork, that referred him to an orthopedic surgeon, to C.W. & W. and stated they would call him the following Monday regarding the appointment. Thibodeaux then testified as follows:
Monday, they called, approximately 8:00, 8:30 that morning, and wanted me to go in that afternoon, which I agreed to go in that afternoon. I mean, I was free. Then, they called back, about 10 minutes later, and wanted me to go in, right then, and I had no way.
While it appears from only this evidence that the employei-’s request might have been unreasonable, this is not tantamount to evidence of a retaliatory discharge. Thus, based upon this sparse testimony, we cannot say that Thibodeaux has met his burden. Nowhere does he allege, much less make a pñma facie showing, that his discharge was in any way connected with his filing of a workers’ compensation claim. While the trial coui-t has wide discretion in the determination of facts, it must have some evidence upon which to base its ruling. The record before us does not disclose such evidence. As such, the trial court committed manifest error in confirming the preliminary default. Accordingly, we reverse.
IsThis reversal has the effect of putting the parties back in the position in which they would have been had the preliminary default never been confirmed. Therefore, pursuant to La.Code Civ.P. art. 1002, C.W. & W. may file its answer at any time prior to Thibo-deaux’s re-confirmation of the preliminary default. As we have already determined that a reversal is warranted, we need not address the additional assertion of error urged on appeal by C.W. & W.
CONCLUSION
Based upon the reasons stated above, the judgment of the trial court is set aside, and this case is remanded to the trial court for further proceedings consistent with this opinion. Assessment of costs of this appeal and the trial proceedings are deferred to the mei-its.
REVERSED AND REMANDED.
AMY, J., concui-s in the result.