715 So.2d 515 (1998)
Betty WASHINGTON, Plaintiff-Appellee,
v.
GRAND CASINOS OF LOUISIANA, INC.COUSHATTA, Defendant-Appellant.
No. 97-1297.
Court of Appeal of Louisiana, Third Circuit.
June 3, 1998.
*516 Dan B. McKay, Jr., for Betty Washington.
Charles J. Foret, Lafayette, for Grand Casinos of Louisiana, Inc.Coushatta
Before DOUCET, C.J., and THIBODEAUX, DECUIR, AMY and PICKETT, JJ.
DECUIR, Judge.
This case arises out of an accident that occurred on January 16, 1996 at Grand Casino Coushatta. While walking across the floor of the casino, Betty Washington, plaintiff, tripped over an extension cord that was stretched to a vacuum cleaner being used to clean the casino floor. The plaintiff sued Grand Casinos of Louisiana, Inc.Coushatta on January 16, 1997 and defendant was served on January 23, 1997. A preliminary default was entered against the defendant on May 1, 1997. On May 9, 1997, plaintiff confirmed the default against Grand Casinos. A judgment was then entered against the defendant in the amount of $2,514.91 for past and future medical expenses, $3,117.15 for lost wages and $17,000.00 for general damages with interest and costs.
Grand Casinos then filed a Motion for New Trial and Petition for Nullity of Judgment on May 16, 1997. The defendant's motion was denied by the trial court after a hearing on the matter. Grand Casinos now appeals contending the trial court erred by confirming the default and by denying a new trial. La. Code Civ.P. art. 1702 sets out the requirements for a confirmation of a default.
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
. . . .
[B.] (2) When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
The Louisiana Supreme Court, in Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993), stated that, "In order for a plaintiff to obtain a default judgment, `he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by defendant.' Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162, 166 (1962)." Although there is a presumption that a default judgment is supported by sufficient evidence, this presumption does not attach when the record of the hearing is before the court. Thibodeaux v. C.W. & W. Contractors, 96-675 (La.App. 3 Cir. 12/11/96); 685 So.2d 461. In reviewing default judgments, appellate courts are restricted to a determination of the sufficiency of the evidence offered in support of judgment. State v. Fifteen Thousand Four Hundred Thirty-One *517 Dollars & Other Property, 95-1334 (La. App. 3 Cir. 3/6/96); 670 So.2d 693.
In the present case, Grand Casinos alleges the plaintiff failed to establish a prima facie case against the defendant. Defendant contends the plaintiff did not establish the amount of her medical expenses or that these expenses were reasonably and necessarily incurred due to her injury. We disagree.
After reviewing the testimony of the witnesses and the evidence, it is clear that Mrs. Washington has set out a prima facie case of these elements. The record contains a statement from her treating physician, Dr. Train, his reports and a statement of her medical bill. Defendant also alleges adequate proof was not offered to show her damages as to her lost wages. We find the plaintiff's admission into evidence of her employer's pay records sufficient to carry her burden.
Grand Casinos finally alleges that Mrs. Washington failed to establish a prima facie case that Grand Casinos of Louisiana, Inc.Coushatta was responsible for her injuries. Instead the defendant claims that the Coushatta Tribe of Louisiana d/b/a Grand Casino Coushatta was responsible for all equipment and employees in the casino. This claim also forms the basis for the defendant's request for a new trial.
The plaintiff's testimony shows that while in the Grand Casino she tripped on an extension cord used to operate a vacuum cleaner being operated by a man with a Grand Casino name tag and cleaning the floor of the Grand Casino. After the fall, personnel from the casino, also with Grand Casino name tags, came to assist Mrs. Washington and to take a statement. Mr. Washington corroborated this testimony.
However, a review of the record also reveals that the organization of the Casino is unclear. The Coushatta Tribe of Louisiana d/b/a Grand Casino Coushatta apparently established the Casino with some sort of relationship with the defendant in this case. However, the plaintiff failed to establish if that relationship was ongoing, whether the defendant assumed any liability in that relationship, whether the defendant participated in daily operations, or whether an indemnification agreement existed between the tribe and the defendant. Accordingly, we find that the evidence presented by the plaintiff was insufficient to establish a prima facie case against the defendant. The trial court erred in granting the default judgment.
La.Code Civ.P. art.1972 provides that a new trial shall be granted where the judgment appears clearly contrary to the law and the evidence. La.Code Civ.P. art.1973 provides that a new trial may be granted in any case where there are good grounds. Generally, new trials are granted in the interest of justice, and are largely left to the discretion of the trial judge. Succession of Robinson, 186 La. 389, 172 So. 429 (1937). However, as the supreme court noted in Hardy v. Kidder, 292 So.2d 575 (La.1973), the trial judge's ruling is subject to review. Moreover, in cases involving default judgments the court has noted that careful review of the circumstance underlying the judgment is required due to the strong policy considerations, in favor of the defendant, that every litigant should be allowed his day in court. Lamb v. Lamb, 430 So.2d 51 (La.1983).
In the present case we find that the trial court abused its discretion in refusing to grant a new trial. The trial court's statements in the record reflect that he found the Casino organization unclear but noted that nothing showed that the defendant was not involved. Under the circumstances, it is clear that the plaintiffs failed to establish their prima facie case. We are mindful of the trial court's concern that the defendant may be allowed to hide behind sovereign immunity. However, the trial court's inability to clearly determine the validity of that concern is the clearest indication that the default judgment should not have been granted and that the defendant should have its day in court.
For the foregoing reasons, the judgment of the trial court is reversed and the matter remanded for further proceedings. All costs of this appeal are taxed to the plaintiff, Betty Washington.
REVERSED AND REMANDED.
*518 AMY, J., concurs.
PICKETT and THIBODEAUX, JJ., dissent.