NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-190

OSCAR NARCISSE, JR.

VERSUS

ANN SHEREE NICOLE GRAY, ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20074385
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED.

Jackson Burke Bolinger
Caffery Plaza, Suite 100
4023 Ambassador Caffery Parkway
Lafayette, LA 70503
Telephone: (337) 988-7240
COUNSEL FOR:
    Defendant/Appellee - State Farm Mutual Automobile Insurance Co.

Edward J. Milligan, Jr.
Edward J. Milligan, Jr., Ltd. (APLC)
P. O. Box 90282
Lafayette, LA 70509
Telephone: (337) 237-6491
COUNSEL FOR:
    Plaintiff/Appellant - Oscar Narcisse, Jr.

**J. Brent Barry**
**J. Brent Barry, LLC**
**P. O. Box 82294**
**Lafayette, LA 70508**
**Telephone:  (337) 237-6491**
**COUNSEL FOR:**
**Plaintiff/Appellant - Oscar Narcisse, Jr.**

**THIBODEAUX, Chief Judge.**

The plaintiff, Oscar Narcisse, appeals from the trial court's judgment granting him a default judgment against Ann Sheree Nicole Gray, the defendant in an automobile accident. The judgment of the trial court awarded medical damages only. For the reasons below, we affirm the judgment of the trial court.

I.

**ISSUES**

We must decide whether the trial court manifestly erred in awarding only medical damages in confirming the plaintiff's default judgment against the defendant.

II.

**FACTS AND PROCEDURAL HISTORY**

In August 2006, Mr. Narcisse was a passenger in the back seat of a vehicle that was rear-ended by Gray. Both vehicles were stopped at a stop sign; the drivers were looking left to turn right; Gray saw an opening, let off her brake too soon, and hit the back of the vehicle occupied by Narcisse. Gray got out of her car and asked the other driver to pull off the roadway. He refused and wanted her to call the police. Alleging no visible injuries or property damage, Gray left the scene.

The Lafayette police officer called to the scene to investigate noted very minor damage to the back of the vehicle and noted that no injuries were reported at the scene. He sent his report to the hit and run department which located Gray, a university student, and took her statement.

Narcisse subsequently complained of injuries to his head, neck, and back, and was seen at Our Lady of Lourdes Regional Medical Center emergency room on the date of the accident. He was treated with medication. He returned three weeks later for x-rays.

Narcisse filed suit and learned that Gray was uninsured. Gray did not answer the suit, and Narcisse obtained a default judgment against Gray. On July 25, 2011, Narcisse testified at the hearing to confirm the default judgment, stating that he had injuries to his back. His attorney called the investigating officer to testify, entered reports and statements establishing the rear-end accident caused by Gray, and showed the judge medical bills in the amount of $985.20. The trial judge orally granted a default judgment in that amount.

On October 12, 2011, Narcisse filed a motion to supplement the record with the medical records and bills discussed at the hearing, and the trial judge signed the order allowing the supplemental evidence on the same date. The trial judge then issued a written judgment granting Narcisse a default judgment against Gray for medical treatment in the amount of $1,429.20, plus costs and legal interest.

Narcisse now appeals the judgment, stating that the evidence was incomplete.

III.

**STANDARD OF REVIEW**

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A two tiered test must be applied in order to reverse the findings of the trial court:

    a.    the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and

    b.    the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).

*Mart v. Hill*, 505 So.2d 1120 (La.1987).

Even where the appellate court believes its inferences are more reasonable than the fact finder's, reasonable determinations and inferences of fact

should not be disturbed on appeal. *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. *Housely v. Cerise*, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973).

IV.

## LAW AND DISCUSSION

Narcisse contends that the trial court erred in awarding him only medical damages at the confirmation of his default judgment against Gray. He complains that no medical records were submitted, only medical bills, and that there was no testimony or evidence presented regarding the extent of his injuries, lost wages, lost earning capacity, or pain and suffering. The transcript of the confirmation hearing indicates that this is true. Unfortunately for Narcisse, the failures to present sufficient evidence of other damages were not errors by the trial court, as the trial judge asked six times for information regarding Narcisse's injuries and damages. The trial court also allowed Narcisse to supplement the record three months after the hearing date, resulting in an increased award of medical damages.

More specifically, at the July 25, 2011 hearing, Narcisse testified regarding the accident. His attorney, Ms. Odinet, questioned him and established that Gray rear-ended the vehicle he was in, then left the scene, and that Narcisse sought medical care. The colloquy between Narcisse, attorney Odinet, and the trial judge, was as follows (emphasis added):

3

Q.     Okay. Do you remember if you saw any doctors outside of Our Lady of Lourdes' treatment for the incident?

A.     I saw the emergency room doctor. And then he wanted me to go to physical therapy, but I couldn't afford it, because I found out the young lady didn't have no insurance.

Q.     Okay.

MS. ODINET:     That's all I have for Mr. Narcisse, Your Honor. Do you have any questions for him?

THE COURT:     Okay. *So what type of injuries did you have, Mr. Narcisse?*

THE WITNESS:     Back injuries. I had back injuries.

THE COURT:     Okay. And the only treatment you had was in the emergency room?

THE WITNESS:     Yeah. And they wanted me to do therapy, but I couldn't do therapy. She didn't have nothing.

THE COURT:     Okay. *Anything else?*

MS. ODINET:     No, ma'am.

. . . .

THE COURT:     The only thing that I am showing, which is from September 18, 2006, is the spine x-rays of $659 and then the 8/28/06 ER of $326.20. So those would be the only two?

MS. ODINET:     Yes, Your Honor.

THE COURT:     So $659 and $326.20?

MS. ODINET:     Yes, Your Honor.

THE COURT:     Okay. So *what is in addition to that*, *what else is plaintiff asking for?*

4

MS. ODINET:     Pardon me?  I'm sorry.

THE COURT:     So he wants his medicals of $985.20, which this Court will grant. *What else is Mr. Narcisse requesting?*

MS. ODINET:     We're asking for costs and attorneys' fees in the filing of the suit.

THE COURT:     All right.  Well, *is he asking for any general damages?*

MS. ODINET:     And some lost wages, Your Honor.

THE COURT:     Well, I have no evidence of lost wages.  *Is he asking for any general damages?*

MS. ODINET:     I don't have any record -- I don't have any records of that at this time, Your Honor.

THE COURT:     All right.  Well, then, I will assume that his decision to go to the hospital was based simply on a concern that he may have been injured but that he did not actually receive an injury, since I have no testimony or indication of any actual injury in this case.  So I'm going to award the $985.20 in medical expenses, plus costs in this matter.

MS. ODINET:     Thank you, Your Honor.

Approximately three months later, on October 12, 2011, the trial court signed an order allowing Narcisse to supplement the medical records.  Only additional bills were submitted.  The trial court then issued a written judgment for an increased amount of medical damages for a total of $1,429.20, plus costs and interest from the date of judicial demand.

The applicable law provides that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case, as fully as though the defendant had appeared and denied each of the allegations in the petition. *See* La.Code Civ.P. art. 1702(A); *Thibodeaux v. Burton*, 538 So.2d 1001 (La.1989);

5

*Sessions & Fishman v. Liquid Air Corporation*, 616 So.2d 1254 (La.1993). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." *Id*. at 1258 (quoting *Thibodeaux*, 538 So.2d at 1004).

> When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

La.Code Civ.P. art. 1702(B)(2).

Further, "[w]hen the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony." La.Code Civ.P. art. 1702(D). "A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. art. 1703." *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 7 (La. 5/5/09), 9 So.3d 815, 820.

It is clear from the transcript that the trial judge asked Narcisse and his attorney repeatedly for oral or written information that would prove the extent of his injuries, even asking twice, with specificity, whether he was seeking general damages. Narcisse's own testimony, his attorney's answers, and the medical evidence, which the judge allowed to be supplemented, did not support anything beyond the medical damages awarded in the trial court's judgment. The medical evidence consisted of only a few pages of medical bills, without narratives or even a nurse's triage or admitting report to document the nature of the patient's complaints in the emergency

6

room.  The judge awarded the cost of x-rays, even though there were no reports of the results of the x-rays.

> In reviewing default judgments, appellate courts are restricted to determining the sufficiency of the evidence offered in support of judgment. *Washington v. Grand Casinos of LA., Inc.-Coushatta*, 97-1297 (La.App. 3 Cir. 6/3/98); 715 So.2d 515.  Although there is a presumption that the evidence presented supports a default judgment, this presumption does not attach when the record of the confirmation hearing is before the appellate court. *Id*.  In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent. *Travis v. Commercial Union Ins.*, 569 So.2d 115 (La.App. 1 Cir.1990). . . .  [T]he trial court's conclusion concerning the evidence's sufficiency presents a factual issue which the manifest error rule governs.  The manifest error standard of review obligates appellate courts to give great deference to the trial court's findings of fact. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).  We will not reverse factual determinations, absent a finding of manifest error. *Id*.

*Bordelon v. Sayer*, 01-0717, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340.

While the above language addresses a defendant's appeal, we find it applicable here as well, where the plaintiff, Narcisse, admits that his evidence was insufficient to support all of the elements of damages listed in his petition.  We find, as the trial court did, that Narcisse presented sufficient evidence to establish that default judgment was proper against Gray, for causing the rear-end accident, but Narcisse failed to present evidence sufficient to support any damages beyond the medical bills entered into the record.

V.

**CONCLUSION**

Based upon the foregoing, we affirm the judgment of the trial court, confirming a default judgment in favor of Oscar Narcisse and against Ann Sheree

7

Nicole Gray, in the amount of $1,429.20, plus the costs of trial and judicial interest.

The costs of this appeal are assessed to Oscar Narcisse, Jr.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.