## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 16-718

FIRST TOWER LOAN, LLC

VERSUS

WILLIAM C. TAYLOR

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,397, DIV. B
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

### SHANNON J. GREMILLION
### JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Mary K. Beaird
Wes Bailey
Attorneys at Law
109 South 3rd Street
Leesville, LA 71446
(337) 718-3561
COUNSEL FOR DEFENDANT/APPELLEE:
    William C. Taylor

Sandy E. Clause
Rogers, Carter & Payne, LLC
P. O. Box 7235
Shreveport, LA 71137-7235
(318) 861-1111
COUNSEL FOR PLAINTIFF/APPELLANT:
    First Tower Loan, LLC

**Jordan B. Bird**
**Attorney at Law**
**4415 Thornhill Avenue**
**Shreveport, LA 71106**
**(318) 861-1111**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **First Tower Loan, LLC**

**GREMILLION, Judge.**

The plaintiff-appellant, First Tower Loan, LLC, d/b/a Tower Loan of Leesville (Tower Loan), appeals the judgment of the trial court entering a default judgment in favor of the defendant-appellee, William C. Taylor. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 2012, Tower Loan filed a petition to collect sums due by Taylor on a note executed in May 2012, and secured by moveable property. On February 22, 2013, Tower Loan through its manager, Sumer Duplechain, allegedly entered into an oral contract for the repayment of funds due Tower Loan by Taylor, with the caveat that if Taylor made the payments as agreed no further action would be taken against him. Tower Loan then obtained a judgment against Taylor on March 14, 2013, for $8,253.04 with 28.47% interest and attorney fees. Taylor did not appeal the March 14, 2013 judgment. Taylor made payments of $150.00 in March, April, and May 2013. However, Tower Loan returned the May 2013 payment and instituted garnishment proceedings against Taylor. On October 4, 2013, the trial court signed an order for garnishment.

On November 20, 2013, Taylor filed a petition pro se to enforce the February 22, 2013 agreement with instructions to serve Tower Loan through its attorney, Sandy Clause. Taylor filed a motion for preliminary default in January 2016, which was granted on February 1, 2016, reinstating the payment plan of $150.00 per month with a balance due of $8,508.32. The judgment further dismissed the garnishment.

On February 11, 2016, Tower Loan filed a motion to set aside the judgment and for a new trial. Tower Loan claimed that it agreed to accept $161.00 per

month and that Taylor's $150.00 payment was insufficient, causing it to be returned to him in May 2013. On February 12, 2016, the trial court denied the motion. Tower Loan then filed a motion to reconsider the order denying its motion to set aside and for new trial and/or, in the alternative, to set the matter for hearing, arguing in part that it was not properly served as Clause is not the registered agent for service of process. The trial court denied the motion noting, "Service was made upon counsel of record." In March 2016, Tower Loan requested written reasons for judgment pursuant to La.Code Civ.P. Art. 1917.[1] Tower Loan now appeals.

## ASSIGNMENTS OF ERROR

Tower Loan assigns as error:

1. The trial court erred when it granted judgment in favor of appellee.

2. The trial court erred when it did not set aside the judgment rendered in favor of appellee and grant a new trial.

At the conclusion of the preliminary default hearing the trial court stated:

[T]here is no answer filed to your petition by anyone, including the attorneys. You've entered your preliminary default and I'm going to find that the evidence supports—particularly, the documentary evidence supports [] an oral agreement of payment of this judgment in the fashion you've described. I'm going [to] order specific performance of that agreement and order that they accept those payments in accordance with that agreement at the rate of a hundred and fifty dollars per month.

A March 27, 2013 letter addressed to Taylor and sent by Tower Loan's attorney stated, in part:

Dear Mr. Taylor:

In response to your call the other day.

---

[1] No written reasons for judgment appear in the record.

I spoke with Tower Loan manager and she said she explained to you that a Judgment would be rendered against you, however no further action would be taken on the suit as long as you continued to pay as agreed.

Also in the record were copies of the payments of $150.00 in March and April 2013, which were negotiated by Tower Loan, and an affidavit by Taylor's parents stating that Duplechain and a male associate came to their residence on February 22, 2013. Approximately thirty minutes after Duplechain and the male associate left, Taylor arrived at his parents' house, at which time they gave him a $575.00 personal check to bring his account current and prevent further action from being taken on the judgment. They further attested that they heard their son's conversation with Duplechain in which he told her that he would be in after lunch to pay the $575.00 and discuss the payment plan terms. The negotiated $575.00 check dated February 22, 2013, was admitted into evidence.

## Service of Process

Tower Loan argues that it was not properly served as Clause was not an agent for service of process.

> The proper method for contesting the sufficiency of service of process is by filing an exception. La.Code Civ.P. art. 925 requires that a declinatory exception which challenges the sufficiency of service of process must be made prior to a general appearance or default judgment. *Moity v. Guilliot*, 466 So.2d 511 (La.App. 3 Cir.1985); *McMickens v. McMickens*, 386 So.2d 972 (La.App. 3 Cir.1980). Otherwise, the exception is waived and the defendant's only recourse is to file a suit to annul the default judgment. *See* La.Code Civ.P. art. 2002.

*Guidry's Seafood Distribs., Inc. v. Farmers Seafood Co., Inc.* 99-1005, p. 3 (La.App. 3 Cir. 12/15/99), 759 So.2d 806, 807, *writ denied*, 00-837 (La. 5/12/00), 762 So.2d 15.

3

Tower Loan did not file a declinatory exception to service of process prior to or contemporaneously with its general appearance on the record. Accordingly, Tower Loan has waived any objection it has to service of process. This assignment of error is without merit.

### Taylor's Failure to Appeal the March 2013 Judgment

Tower Loan argues that Taylor should have filed a reconventional demand to its original December 2012 petition. Taylor testified at the default hearing that he believed the judgment was no longer valid based on the oral agreement confected with Duplechain, as evidenced by the March 27, 2013 letter sent by Tower Loan's attorney after the judgment was rendered. He was only aware that Tower Loan was not going to enforce its oral agreement to suspend the judgment as long as payments were made until, at the earliest, May 2013, when appeal delays from the March 2013 judgment had long expired. Taylor's cause of action against Tower Loan did not arise until this time. Moreover, Taylor's November 2013 petition pertained to the breach of the agreement he confected in February 2013, rather than the March 2013 judgment. Accordingly, this assignment of error is without merit.

### Default Judgment Merits/Validity of Contract to Make Payments

La.Code Civ.P. art. 1701(A) provides that "[i]f a defendant in the princip[al] or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him." Under La.Code Civ. P. art. 1702, a judgment of default must be confirmed by proof of the demand, sufficient to establish a *prima facie* case, as fully as though the Defendants denied each of the allegations in the petition. *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La.1993). In other words, the plaintiff must present competent evidence that convinces the court that it is more probable than not that [he] would prevail in a trial on the merits.

In reviewing default judgments, appellate courts are restricted to determining the sufficiency of the evidence offered in support of

4

judgment. *Washington v. Grand Casinos of LA., Inc.-Coushatta*, 97-1297 (La.App. 3 Cir. 6/3/98); 715 So.2d 515. Although there is a presumption that the evidence presented supports a default judgment, this presumption does not attach when the record of the confirmation hearing is before the appellate court. *Id.* In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent. *Travis v. Commercial Union Ins.*, 569 So.2d 115 (La.App. 1 Cir.1990). Thus, because we have the record of the hearing to confirm the default, the presumption does not attach. However, the trial court's conclusion concerning the evidence's sufficiency presents a factual issue which the manifest error rule governs. The manifest error standard of review obligates appellate courts to give great deference to the trial court's findings of fact. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). We will not reverse factual determinations, absent a finding of manifest error. *Id.*

*Bordelon v. Sayer*, 01-717, pp. 2-3 (La.App 3 Cir. 3/13/02), 811 So.2d 1232, 1235, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340.

Tower Loan argues that Taylor did not submit sufficient evidence for the trial court to grant a default judgment and that the trial court manifestly erred in finding that a binding agreement existed between it and Taylor. First, we note that Tower Loan failed to answer the petition although it had over two years to do so. Second, there was sufficient evidence in the record for Taylor to establish a prima facie case as to the existence of an oral contract. Taylor established that he would be able to meet his burden of proving the existence of a contractual agreement for payment of $150.00 per month that suspended the enforcement of the judgment against him, based on the documentary evidence and testimony submitted to the trial court.

Further, based on our review of the evidence, we find the trial court did not err in finding that Taylor proved that an oral contract was confected between himself and Duplechain as the manager for Tower Loan to pay $150.00 per month in lieu of it pursuing the judgment.

5

Pursuant to La.Civ.Code art. 1927, "[a] contract is formed by the consent of the parties established through offer and acceptance." Offer and acceptance can be oral or in writing unless otherwise specified in the law. *Id.*

Although the parties did not confect a written agreement for the $150.00 payment plan, the evidence overwhelmingly indicated that Duplechain agreed, as the manager of Tower Loan, to these terms on February 22, 2013. This is especially true in light of the documentary evidence that Tower Loan's attorney sent to Taylor confirming Duplechain's agreement that "no further action would be taken on the suit as long as you continued to pay as agreed."

The existence of the oral contract between the parties is further supported by Tower Loan's negotiation of the February 22, 2013 check in the amount of $575.00, the March and April 2013 payments in the amount of $150.00 that it accepted, the affidavit of Taylor's parents, and Taylor's testimony at the default hearing. Accordingly, this assignment of error is without merit.

## CONCLUSION

The default judgment granted in favor of William C. Taylor to enforce the contract for payments entered into with Tower Loan in February 2013 is affirmed. All costs of this appeal are assessed against First Tower Loan, LLC.

**AFFIRMED.**

6